**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN BONOMI,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No.: 1:25-cv-07664-GHW<br><br>**ANSWER TO COMPLAINT** |

Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys, Parker Ibrahim & Berg LLP, and by way of its Answer ("Answer") to the Complaint filed Plaintiff John Bonomi ("Plaintiff") on October 18, 2025 ("Complaint"), states as follows:

**PRELIMINARY STATEMENT**

The Preliminary Statement of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

**PARTIES, JURISDICTION, VENUE AND APPLICABLE LAW**

1. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and leaves Plaintiff to his proofs.

2. Chase denies the allegations contained in Paragraph 2 of the Complaint, except admits that Chase is a national banking association, authorized to conduct business within the State of New York, with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240.

3. Paragraph 3 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Defendant denies the allegations contained therein and leaves Plaintiff to his proofs.

4. Paragraph 4 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

5. Paragraph 5 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

6. Paragraph 6 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase neither admits nor denies the allegations contained in Paragraph 6 of the Complaint, and further states that the documents referred to therein speak for themselves.

**GENERAL ALLEGATIONS**

7. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and leaves Plaintiff to his proofs.

8. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and leaves Plaintiff to his proofs.

9. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and leaves Plaintiff to his proofs.

10. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and leaves Plaintiff to his proofs.

11. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations containe in Paragraph 11 of the Complaint and leaves Plaintiff to his proofs.

12. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and leaves Plaintiff to his proofs.

13. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and leaves Plaintiff to his proofs.

14. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and leaves Plaintiff to his proofs.

15. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint and leaves Plaintiff to his proofs.

16. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and leaves Plaintiff to his proofs.

17. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and leaves Plaintiff to his proofs.

18. Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and leaves Plaintiff to his proofs.

**COUNT ONE:**
**DECLARATION THAT THE CONTRACT IS VOIDABLE**
**DUE TO LACK OF CAPACITY**
**(Title 28 U.S.C. § 2201)**

19. Chase hereby incorporates the above paragraphs as though fully set forth at length herein.

20. Paragraph 20 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

21. Paragraph 21 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

22. Paragraph 22 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

23. Paragraph 23 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

24. Paragraph 24 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

25. Paragraph 25 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

**COUNT TWO:**
**DECLARATION THAT THE CONTRACT IS VOIDABLE**
**DUE TO UNCONSCIONABILITY**
**(Title 28 U.S.C. § 2201)**

26. Chase hereby incorporates the above paragraphs as though fully set forth at length herein.

27. Paragraph 27 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

28. Paragraph 28 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

29. Paragraph 29 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

30. Paragraph 30 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

**COUNT THREE:**
**CONSEQUENTIAL DAMAGES**

31. Chase hereby incorporates the above paragraphs as though fully set forth at length herein.

32. Paragraph 32 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

33. Paragraph 33 of the Complaint asserts a legal conclusion that does not require a response. To the extent a response is required, Chase denies the allegations contained therein and leaves Plaintiff to his proofs.

**AS TO THE PRAYER FOR RELIEF PARAGRAPH**

Chase denies, rejects and objects to any and all allegations and/or any prayers or demands for judgment and relief contained in the PRAYER FOR RELIEF Paragraph, including all subparts, contained in the Complaint.

**CHASE'S AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a cause of action against Chase upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring the within action.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff specifically denies that all conditions precedent to Defendant's claims for recovery have occurred or been met.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims do not assert a justiciable case or controversy against Chase.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by waiver and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by applicable statutes of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Any injuries sustained by Plaintiff were the result of conduct of others over whom Chase had no control.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate his damages.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the terms and conditions of the governing loan documentation.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims asserted against Chase do not assert a justiciable case or controversy.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by his own negligence, recklessness and assumption of risk.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Chase acted at all times in good faith and in accordance with reasonable commercial standards.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any injuries sustained by Plaintiff were the result of conduct of other parties over whom Chase had no control.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's allegations and claims do not provide adequate notice of the allegations, defenses and/or claims Plaintiff asserts against Chase, if any, and thus, Chase reserves the right to assert additional defenses as deemed necessary or appropriate.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

None of Plaintiff's counts constitute a standalone cause of action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by unclean hands.

**WHEREFORE**, Chase respectfully requests that any request for any judgment, award, or declaration against it be denied and dismissed.

Dated: New York, New York
May 26, 2026

**PARKER IBRAHIM & BERG LLP**
*Attorneys for Defendant,*
JPMorgan Chase Bank, N.A.

*/s/ Scott W. Parker*
Scott W. Parker, Esq.
Sanjay P. Ibrahim, Esq.
Erica N. Sweeting, Esq.
100 Church Street, 8th Floor
New York, New York 10007
Phone: (212) 596-7037
E-mail: scott.parker@piblaw.com
sanjay.ibrahim@piblaw.com
erica.sweeting@piblaw.com

*Please reply to Somerset address:*

270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
Phone: (908) 725-9700

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN BONOMI,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Civil Action No.: 1:25-cv-7664-GHW |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2026, the foregoing Answer to Complaint and this Certificate of Service was served via CM/ECF as follows:

Thomas C. Moore
Moore Friedman
4 Butterwood Lane W
Irvington, New York 10533
*Attorneys for Plaintiff,*
John Bonomi

**PARKER IBRAHIM & BERG LLP**

By: */s/ Scott W. Parker*
Scott W. Parker, Esq.
270 Davidson Avenue, 5th Floor
Somerset, New Jersey 08873
Telephone: (908) 725-9700
Facsimile: (908) 333-6230
E-mail: scott.parker@piblaw.com
*Attorneys for Defendant,*
JPMorgan Chase Bank, N.A.

Dated: May 26, 2026